Allen P.
The decision of this cause depends upon the construction of the will of Francis Cannon deceased, disposing of the property in controversy. The intention of the testator must be gathered from the face of the will itself: In the enquiry we can derive but little aid from adjudged cases. In Shermer v. Skermer’s ex'ors, 1 Wash. 266, Pendleton, president, quotes with approbation the saying of a judge, “ That in disputes upon wills, cases seldom elucidate the subject, which depending on the intention of the testator to be collected from the will and from the relative situation of the parties, ought to be decided upon the state and circumstances of each case.” And Judge Pendleton remarks, that “ he had generally observed that adjudged cases have more frequently been produced to disappoint than to illustrate the intention.”
In the case under consideration, looking at the different clauses under which the parties respectively claim; and considering each clause apart and uninflu *774 enced by the other clause and the residue of the will, it is apparent that under the second clause standing alone, John Sowden, if he survived his mother, would have taken the absolute estate. Whilst the clause, under which the plain tiff in error claims, providing for the contingency of the death of Ann Sowden and her son John, without leaving children to inherit the estate, and in that case giving the estate over at their death to his nephew Luke Cannon, junior, and his heirs, would, if standing alone, have been a good executory limitation of the fee to Luke Cannon, junior, in derogation of, or substitution for, the preceding estate in fee. But the intention of the testator is not to be collected from any isolated clause, but from the whole will, so as to ascertain in the event which has happened, whether it was provided for; and what disposition in view thereof the testator contemplated. The relative situation of the parties and the state and circumstances of the case, appear upon the face of- the will only. From that it is evident that his neice Ann Sowden and her son John were the leading objects of the testator’s bounty. It does not. appear that she then had any other children. After some specific legacies to his two nephews, and a provision emancipating some slaves, he bequeathed the residue of his estate to trustees in trust, that his niece should have the entire use and profits of the same during her natural life, for the maintenance of herself and her son John. Having thus secured a support for his niece, and protected the property from waste by the interposition of trustees during her life time, in the following clause he directs that at her death the trust should expire, and the property left in trust should go to John Sowden and his heirs forever,' should he survive his mother. But looking to the possibility of his dying before his mother, leaving children; and intending to secure a fee simple estate *775 to John and. his children, if John survived, or left any child capable of taking at the death of the mother, he in the next place provides, that if John should die before her, the estate should go to his children, if he should leave any. These clauses show an intention to provide for John and his children after the trust was satisfied; that he looked alone to the death of his-niece as the time when the whole estate was to pass to some one or more of the designated beneficiaries; that John, in the event which has happened, was the first beneficiary; and that after the estate once vested in him, there was no intention to make any limitation over, or to tie up the property in his hands. Otherwise, although he might have survived his mother and had children, yet as he might have outlived them, he could not have exercised full dominion over the property. This intention more clearly appears from the next provision of the will. Having fully provided for the niece and her son during her life time, for the son if he survived her, giving him the whole estate, for his children, if he died before her; giving them in that event the whole estate, although one degree farther removed from him; he in the next place looked to and provided for another contingency; that was the death of John before his mother, leaving no child. In that event, he directs the estate to go to any other children of said Ann Sowden at her death, who should take and enjoy the same estate which her son John would have taken provided he had survived his mother. The devise to the other children of Ann is upon the contingency of John’s dying before his mother, leaving • no child. He makes no devise over to these other children of Ann, if she should have any, provided John survived his mother, and then died leaving no child; because he had before given the whole estate to John if he survived, and did not look to the contingency of John’s dying without leaving a *776 child after the estate had vested in him on his mother’s death.
It is much more reasonable to suppose that if the testator had ever looked beyond the period of the death of his niece, as the time for the complete vesting of the whole estate, he would have made a provision in favor of any other of her children in event of John’s surviving and then dying without leaving a child, than in favor of another nephew. This clause furthermore directs that these other children of Ann should take and enjoy the same estate that John would have taken if he had survived his mother. They must have taken the fee absolutely, for it is not pretended that the will contains any limitation over after their deaths. Yet this estate, so to be vested in them on the event designated, is by the testator described as the same estate which John was to take if he survived.
After these various dispositions in favor of his niece and her son John, his and her other children, if any, the testator proceeds to provide for another contingency which he anticipated; that was the possibility of his niece outliving her son John, and neither of them leaving any child or children surviving her, so that there would be no descendant of said Ann in being at the time of her death, to inherit the estate. •He therefore provides that if the said Ann and her son John shall both depart this life without leaving children to inherit the estate; in that case, at the death of the said Ann and her son John, the estate is devised to his nephew Luke Cannon, junior.
The context I think shows clearly, 'that the testator looked alone to the period of Ann’s death as the period when the trust should expire and the whole-estate pass absolutely. By express words to John if he survived his mother, or to his children, if he -died before her, leaving children, or to her other children, if any, if he *777 died before her, leaving no children. There is no limitation over after the estate should have vested in John’s children on one contingency, or the other children of Ann on another contingency.
It would be a forced construction to suppose that the testator intended to make a limitation over in favor of the last devisee, which he had omitted to make in favor of the immediate descendants of Ann Sowden. The phrase is elliptical. When he speaks of the said Ann and her son John both departing this life without leaving children, he meant to refer to preceding clauses, which had provided for such an event, and is not to be understood as referring to the death of John at any time after his mother’s death, leaving no children. The clause, to effectuate the intention and make the will consistent with itself, should be read as if he had said, “ But if the said Ann and her son John should both depart this life as aforesaid, without leaving children as aforesaid to inherit the estate.”
It seems to me that the testator intended, in the event which has happened, of John’s surviving his mother, that the whole estate should vest in him absolutely, and the limitation over in favor of Luke Cannon could never thereafter take effect.
I think the judgment should be affirmed.
Daniel and Moncure, Js. concurred in the opinion of Allen, J.
Lee and Samuels, Js. dissented.
Judgment affirmed.